**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN GRIER,

        Plaintiff,

v.                                         Case Number: 04-60021

CITY OF LIVONIA, a governmental agency,     HON. MARIANNE O. BATTANI
OFFICER COLE, an individual, and
TERRENCE J. O'LEARY, an individual,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendants City of Livonia and City of Livonia Police Officers Duane Cole and Terrence J. O'Leary's Motion for Summary Judgment (Doc. #12). The parties appeared before the Court for oral argument on May 4, 2005. The Court has reviewed the pleadings and, for the reasons that follow, Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

**I.     STATEMENT OF FACTS**

The claims is this law suit arise out of Plaintiff Kevin Grier's arrest for shoplifting. On April 28, 2003, Plaintiff and Tim Daniels were involved in a shoplifting incident at the Sears store, located in the Livonia Mall. The two fled the mall in a vehicle driven by Daniels. Sears security contacted the local police departments with a description of the car. When Plaintiff and Daniels reached a nearby intersection, a Farmington Hills patrol car activated

its lights and pulled over the vehicle. As Daniels slowed the car, Plaintiff opened the passenger door, jumped out of the car, fell to the ground, rolled, got up and ran away.

Defendant Officer Cole, who was waiting in his patrol vehicle in a turn around beyond the intersection, initiated pursuit of Plaintiff. Cole, who was approaching Plaintiff from the opposite direction, closed in on Plaintiff and attempted to close off Plaintiff's path with his police vehicle. Plaintiff abruptly changed direction, as did Cole; and Plaintiff and the car collided. Plaintiff's right knee struck the corner of the patrol car, and Plaintiff flew into the air then hit the ground. According to Plaintiff, he was in so much pain, he could not even move, Pl.'s Ex. B, Pl.'s Dep. at 46-7, and he asked to go to the hospital. Plaintiff was arrested and taken to the Livonia Police station, where he was booked.

Defendant, Detective O'Leary, accompanied Plaintiff from the booking area into an interview room around two hours after Plaintiff was arrested. Defs.' Ex. G, Dep. of O'Leary at 8-9. O'Leary claims that Grier declined medical treatment and chose to proceed with the interview, id.; however, the records does not contain a medical treatment refusal waiver, as required by governing procedures. The interview lasted about ten minutes. Id. Plaintiff was unable to sign a statement due to his injury. Thereafter, EMS was contacted and determined that Plaintiff would need to be seen by a doctor. Defs.' Ex. 2. Plaintiff was transported to the hospital for treatment, which he received around 8:47 p.m. Id. The Emergency Room records show that Plaintiff suffered a broken clavicle. See Pl.'s Ex. F.

Plaintiff alleges that Defendant Cole violated his Fourth Amendment rights, and that Defendants Cole and O'Leary violated his Eighth Amendment rights and their conduct also supports state law claims of gross negligence. Plaintiff further alleges that the City of Livonia is liable for a violation of his Fourth Amendment rights, that its failure to train its

2

officers amounts to gross negligence, and it is liable for the negligent operation of a government-owned motor vehicle.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  In other words, the movant must show he would prevail on the issue even if all factual disputes are conceded to the non-movant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. ANALYSIS

Plaintiff seeks relief under federal and state law.  Each basis of relief is discussed below.

### A. Federal Claims

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or caused to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Under the language of the statute, to succeed on a § 1983 claim, a plaintiff must prove that a person deprived him of a federal right and that person acted

3

under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There is no dispute that Defendants acted under color of state law. The federal claims raised include excessive force, deliberate indifference to a serious medical need and failure to train.

### 1. Excessive force

Defendants contend that they are entitled to summary judgment on the excessive force claim against the individual officers for several reasons. First, Defendants characterize the contact here as purely accidental and caused by Plaintiff's sudden change of direction as he tried to evade the police. In short, Defendants' position is that Plaintiff's injury was his own fault. Defendants add that the Fourth Amendment does not apply because no seizure occurred. They direct the Court to Claybrook v. Birchwell, 199 F.3d 350, 359 (6th Cir. 2000) (determining whether a victim of an errant bullet in a shootout fell within the scope of Fourth Amendment seizure), as support for their position.

Defendants' reliance on Claybrook is misplaced. Although the Sixth Circuit recognized in Claybrook that the Fourth Amendment does not apply to § 1983 claims advanced by innocent parties that are hurt inadvertently, it emphasized that police officers do seize any person who is a "deliberate object of their exertion of force." Id. at 359. Here, Plaintiff was the intended target of Defendant's intentionally applied exertion of force. By using the police car to block Plaintiff's escape, Cole "seized" the Plaintiff. Therefore, Claybrook, which involved injury to a bystander, not to the perpetrator, does not support Defendants' position. Consequently, the Court agrees with Plaintiff that the Fourth Amendment is implicated in this case, and Defendant is not entitled to summary judgment

on that ground.[1]

### 2. Deliberate Indifference to Serious Medical Need

Defendants argue that they are entitled to summary judgment because Plaintiff was not a convicted prisoner at the time of the incident; therefore, the Eighth Amendment claim advanced by Plaintiff does not apply. Even if it did, Defendants contend they still meet the standard for an award of summary judgment because Plaintiff lacks evidence to show a constitutional violation occurred. The Court rejects Defendants' argument.

Admittedly in this case, the Eighth Amendment is not triggered. For purposes of the Eighth Amendment's prohibition on cruel and unusual punishment, "the State does not acquire the power to punish [ ] until after it has secured a formal adjudication of guilt . . ."). Ingraham v. Wright, 430 U.S. at 670, 671-72 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Nevertheless, if Plaintiff, a pretrial detainee, can show that Defendant police officers acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted, they are liable under the Fourteenth Amendment. See Horn v. Madison County Fiscal Ct., 22 F.3d 653, 660 (6th Cir.), cert. denied, 513 U.S. 873(1994) (holding that pretrial detainees are protected from such mistreatment under the Due Process Clause of the Fourteenth Amendment). Mere negligence is not enough. Horn, 22

---

[1]Defendants also raise the issue of qualified immunity. In their brief, they assert that applying the standard "to the facts of this case leads to the irrefutable conclusion that the Defendants are entitled to qualified immunity. Under the facts. . .a reasonable officer in the Defendant's position could have believed that his actions were lawful and did not violate the Plaintiff's Fourth, Eight and/or Fourteenth Amendment rights." Defendants' Brief in Support of Motion for Summary Judgment at 9. The Court does not address the argument in light of Defendants' failure to meet its burden on summary judgment to argue the issue of qualified immunity, to supply the relevant authority or account for it absence, and apply it to the facts and claims of the instant case.

F.3d at 660.

The "deliberate indifference" standard has an objective and subjective component: The objective component requires a showing that the alleged deprivation is "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the subjective component, a plaintiff must show that a state official had "a sufficiently culpable state of mind." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir.2000) (citing and quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

Defendants observe that in examining whether a claimed injury is "sufficiently serious," courts must look to the effect of any delay in treatment caused by an officer's inaction. Specifically, a pretrial detainee "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Napier v. Madison Co., Kentucky, 238 F.3d 739, 742 (6th Cir. 2001) (dealing with a delay in dialysis) (quoting Hill v. Dekalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208-09 (1st Cir.1990) (observing that the "'seriousness' of an inmate's needs may also be determined by reference to the effect of the delay of treatment."), cert. denied, 500 U.S. 956 (1991).

Defendants' reliance on Napier is misplaced. That case involved a delay in dialysis, which caused no harm to the plaintiff. Delay is not the only means by which to show a violation. A serious medical need exists when "the failure to treat a detainee's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1990) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Accord Estelle at 104-05 (observing that a plaintiff may

6

show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel). Conditions that qualify as serious include those of urgency that may result in "degeneration" or "extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). Accord Westlake v. Lucas, 537 F.2d 857, 861 (6th Cir. 1976). Plaintiff remained in pain for several hours because of the delay in treatment. Accordingly, the objective component is met.

"Deliberate indifference is shown. . .by failure to provide prompt attention to the medical needs of a pretrial detainee." Estelle, 429 U.S. at 105. A delay of a few hours in receiving medical care for emergency needs such as broken bones may constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990).

Here, even a lay person could detect the existence of a serious medical problem. Cole observed a deformity at Plaintiff's collarbone; he testified that during booking, he observed that Plaintiff "had a deformity beneath the skin. . .that something was protruding up around his collarbone area." Pl.'s Ex. A at 47. Moreover, Plaintiff commented on pain when he was in the patrol car with Cole, but did not receive medical care until six and one-half hours after his arrest. Although the record contains disputed testimony as to whether Plaintiff declined medical treatment, Defendants have not provided a signed waiver, which was required under the City's procedures. The Court is not free to resolve credibility disputes on a summary judgment motion. Therefore, the Court finds a genuine issue of material fact as to whether the Defendants Cole and O'Leary were deliberately indifference to a serious medical need.

### 3. Failure to Train

To recover against the City of Livonia, Plaintiff must show that his civil rights were violated pursuant to and as a direct result of its official policy or custom. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 690-95 (1978). To prove that the City of Livonia has an unconstitutional policy of failing to train, he "must prove that the training program is inadequate to the task an officer must perform; that the inadequacy is the result of deliberative indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91 (1989)).

The record in this case demonstrates that Plaintiff has failed to meet his burden on summary judgment. As to the first criteria, Cole admitted he had not received training on using a police car to apprehend a fleeing suspect on foot. Plaintiff's claim nevertheless is undermined by the lack of any evidence to satisfy the second criteria, that the absence of training is the result of deliberate indifference. There is nothing before the Court to show that vehicle pursuit of a suspect fleeing on foot has been a common occurrence facing the Livonia Police. The record contains no history of similar incidents, nothing to show that the City was on notice, and nothing to show that the City's failure to take action was deliberate. See Berry v. City of Detroit, 25 F.3d 1342, 1354 (6th Cir.1994) (noting that there must be clear notice that the training in a particular area was deficient and likely to cause injury) (citing City of Canton v. Harris, 489 U.S. 378 (1989)), cert. denied, 513 U.S. 1111 (1995).

In sum, the federal claims survive as to the individual Defendants, Cole and O'Leary. Plaintiff's claim against the City for failure to train claim does not survive Defendants' motion for summary judgment.

**B. State Law Claims**

Plaintiff brings a claim of negligence against Defendant City of Livonia. The City argues that it has governmental immunity, and in response, Plaintiff raises an exception to the immunity provision.

Pursuant to Mich. Comp. Laws § 691.1407, "all governmental agencies shall be immune from tort liability in all cases where the government agency is engaged in the exercise or discharge of a governmental function." According to the City of Livonia, this case involved the apprehension of a criminal suspect, an activity related to the operation of the police department. Therefore, it concludes that the conduct at issue falls within the immunity provision. The City is correct; however, Plaintiff contends that an exception governs.

Under the motor vehicle exception, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer. . . .of the governmental agency, of a motor vehicle of which a government entity is owner. . . ." Mich.Comp.Laws § 691.1405. Plaintiff further asserts that there is a question of fact as to whether Cole was operating his vehicle negligently, therefore, summary judgment must be denied. To advance his position, Plaintiff relies on Cole's testimony, wherein Cole states that he believed he could turn his vehicle and avoid colliding with Plaintiff. Plaintiff simply observes that Cole was wrong; he, in fact, was not able to do so. He concludes that Cole's misjudgment evidences negligence. Plaintiff also cites the Affidavit of Tim Daniels and the Affidavit and Expert Report of Broderick Williams[2] to support his position. Specifically,

---

[2]Broderick Williams offers the opinion that "Cole abruptly tuned his vehicle to the right without warning, [and is so doing] he was intentionally attempting to use his vehicle

Daniels testified that he "could see the driver of that Livonia police car trying to hit Kevin." He adds that the car hit "Kevin so hard that Kevin was thrown across the road." Pl.'s Ex. C at ¶¶ 8, 9.

The applicability of the exception depends on the existence of a genuine issue of material fact as to whether Cole's operation of the police vehicle was negligent. As to this issue, the Court finds summary judgment is not warranted. There is a question of fact as to whether Cole's conduct was negligent.

### 2. Gross Negligence

Cole's apprehension of Plaintiff is also one of the bases for Plaintiff's claim of gross negligence. In determining whether Defendants are entitled to summary judgment on this claim, the issue is whether, as a matter of law, Defendant Cole's conduct does not rise to the level of gross negligence, which is conduct "so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich.Comp.Laws § 691 .1407(2)(c); Maiden v. Rozwood, 461 Mich. 109, 597 N.W. 2d 817 (1999). In assessing the merits of this argument, the Court must resolve factual disputes in favor of Plaintiff, the nonmoving party. Nevertheless, the Court observes that Plaintiff's testimony, that he believed Defendant Cole was trying to hit him, does not create a genuine issue of material as to the nature of Cole's conduct. Although the Court may not assess the credibility of disputed testimony, Plaintiff's subjective belief that the use of the patrol vehicle as a "weapon" against him was so reckless as to demonstrate a substantial lack of concern as to whether Plaintiff would be

---

to strike and seize Mr. Grier." Pl.'s Ex. D at ¶ 3(b). Williams concludes that it was "grossly negligent." Id. at ¶ 3c. The Court agrees with Defendants that consideration of the affidavit is improper because Plaintiff did not disclose the expert until after the close of discovery; and the opinions expressed are nothing more than conclusions, constituting ultimate issue testimony. Such opinions are inadmissible. Berry v. City of Detroit, 25 F.3d at 1353.

10

injured, does not reflect a genuine issue of material fact.  Likewise, Cole's testimony that he was attempting to cut off Plaintiff's path of escape; that he believed he could do so without striking Plaintiff with his vehicle; and that he believed he had enough room to avoid a collision does not aid the Court's analysis.  See Def.'s Ex. 3, Cole's Dep. at 70, 73-4.  The standard is objective.

In resolving the merits of this claim, the Court is also mindful that "a police officer may use reasonable force when making an arrest." Brewer v. Perrin, 132 Mich.App. 520, 528, 349 N.W.2d 198 (1984).  Further, officers are afforded a wide degree of discretion to determine the best course of action to stop crime and other unlawful conduct and to apprehend criminals or other wrongdoers. Brown v. Shavers, 210 Mich.App 272, 276, 532 N.W.2d 856 (1995) (quotations omitted).  Therefore, the Court assesses the use of the vehicle to prevent Plaintiff's escape in light of the circumstances facing Defendant Cole. Although Plaintiff was not accused of a serious offense, he jumped out of a moving car into traffic to avoid arrest.   Cole had to make the decision to block Plaintiff's escape in a split second, after Plaintiff changed the direction of his escape route.  Based on these facts and the video of the incident recorded from the vantage point of the two police vehicles involved, the Court finds that Cole's use of the car to stop the Plaintiff was not so reckless as to demonstrate a substantial lack of concern as to whether Plaintiff would be injured. The videotape reveals that Cole was slowing his vehicle as he approached Plaintiff, and that Cole turned instantly, in response to Plaintiff's change in course. Specifically, Cole's decision to use the car as a roadblock was not reckless, given the speed at which he was traveling and the distance between the car and the Plaintiff.   Contrary to Plaintiff's assertion, Cole was not required to continue in the same direction after Plaintiff switched

course, stop the car; and apprehend Plaintiff on foot. Nor was Cole required to shout and demand that Plaintiff stop. So Cole's failure to take these actions does not alter the Court's conclusion. Plaintiff was well aware of the police pursuit. Moreover, the vehicle did not hit Plaintiff head-on; the videotape shows that the collision was nearly avoided. Plaintiff could have avoided contact had he stopped and submitted to the authority of the police, and it was objectively reasonable for Cole to believe that is the action Plaintiff would take. This Court holds that as a matter of law, Officer Cole's apprehension of Plaintiff does not constitute gross negligence.

In contrast, Plaintiff's claim of gross negligence against Defendants Cole and O'Leary arising out of the failure to arrange for medical treatment survives this motion. As noted by the Court in its discussion of the facts relative to a claim based upon the Fourteenth Amendment, factual disputes as to Defendants' knowledge of Plaintiff's injury and the length of time it took for Plaintiff to receive medical treatment undermine Defendants' position that they are entitled to summary judgment.

Finally, Plaintiff's claim of gross negligence by the City as evidenced by its failure to train and supervise its officers fails for the reasons discussed in its § 1983 claim arising out of the same facts.

## IV. CONCLUSION

In accordance with the opinion issued above, the Court GRANTS summary judgment to Defendant Cole on Plaintiff's claim of gross negligence arising out of the collision, and DENIES summary judgment on Plaintiff's claims of excessive force, deliberate indifference to a serious medical need and gross negligence against the individual officers. Further, the Court GRANTS summary judgment to the City of Livonia

on Plaintiff's Fourth Amendment and gross negligence claims and DENIES summary judgment to the City of Livonia on Plaintiff's claim of negligence.

    IT IS SO ORDERED.


                                  s/Marianne O. Battani  
                                  MARIANNE O. BATTANI  
                                  UNITED STATES DISTRICT JUDGE

Dated: July 21, 2005


## CERTIFICATE OF SERVICE

    Copies of this Order were mailed to Ronald M. Barron and Patrick Moritz on this date by ordinary mail and electronic filing.

                                  s/Bernadette M. Thebolt  
                                  CASE MANAGER